**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| PEOPLE OF GUAM, | Criminal Case No. CF0614-24 |
| | GPD Report No. 24-05378 |
| v. | |
| JEFFREY FEJERAN VILLACORTA, DOB: 01/31/1968 | **DECISION AND ORDER GRANTING IN-PART AND DENYING IN-PART DEFENDANT'S MOTION REASSERTING THAT THE GOVERNMENT BEARS THE BURDEN OF PROOF TO DEMONSTRATE THE CONSTITUTIONALITY OF ITS SEARCH WARRANT AND CUSTODIAL INTERROGATION** |
| MARK JAMES SABLAN QUINTANILLA, DOB: 07/19/1975 | |
| ANGIE SABLAN QUINTANILLA, DOB: 02/22/1979 | |
| Defendants. | |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on June 27, 2025 for hearing on Jeffrey Fejeran Villacorta's ("Defendant J. Villacorta's") Motion Reasserting that the Government Bears the Burden of Proof to Demonstrate the Constitutionality of its Search Warrant and Custodial Interrogation ("Motion Re: Burden of Proof"). Assistant Attorney General Lyle Stamps represents the People of Guam, Attorney Mark Smith represents Defendant J. Villacorta, and Assistant Public Defender Jocelyn Roden represents Mark James Sablan Quintanilla ("Defendant M. Quintanilla"). Having duly considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order and **GRANTS IN-PART AND DENIES IN-PART** Defendant J. Villacorta's Motion Re: Burden of Proof.

## BACKGROUND

On March 7, 2024, Guam Police Department ("GPD") Officers executed a search warrant at a residence in Ordot-Chalan Pago. The warrant was supported by statements given by four confidential informants. Evidence obtained from that search was used to arrest and charge Defendants J. Villacorta and M. Quintanilla each with Possession of a Schedule II Controlled Substance with Intent to Deliver (as a 1st Degree Felony) and Possession of a Schedule II

Decision and Order Granting In-Part and Denying In-Part Defendant's Motion Re: Burden of Proof
CF0614-24, *People of Guam v. Jeffrey Villacorta, Mark Quintanilla, & Angie Quintanilla*
Page 1 of 6

Controlled Substance (as a 3rd Degree Felony), with each charge accompanied by a Notice: Commission of a Felony While on Felony Release. See Indictment (Aug. 30, 2024). Angie Sablan Quintanilla ("Defendant A. Quintanilla") was also arrested and charged with two counts of Possession of a Schedule II Controlled Substance with Intent to Deliver (as a 1st Degree Felony). Id.

On November 18, 2024, Defendant J. Villacorta filed his Motion to Suppress. Defendant J. Villacorta argued that the search warrant was defective because it was not supported by probable cause. See Defendant J. Villacorta's Motion to Suppress at 4-5 (Nov. 18, 2024). Specifically, Defendant J. Villacorta asserts that the search warrant was not supported by sufficient evidence because it failed to establish the trustworthiness of the informants. Id. at 4-5. Therefore, Defendant J. Villacorta calls for the suppression of all evidence (both physical and verbal) obtained from the search warrant. Id. at 5. Additionally, Defendant J. Villacorta calls for the suppression of all statements obtained during his police interrogation, arguing they were not preceded by a valid *Miranda* waiver. Id. at 7. Defendant J. Villacorta claims he never voluntarily waived his *Miranda* rights because he was intoxicated at the time and overwhelmed with emotion by the search and his subsequent arrest. Id. at 7.

On December 31, 2024, Defendant M. Quintanilla filed his Motion to Suppress. Defendant M. Quintanilla presented many of the same arguments as Defendant J. Villacorta, mainly that evidence (both verbal and physical) obtained from the search warrant's execution should be suppressed because the search warrant was not supported by probable cause due to its failure to establish the trustworthiness of the informants. See Defendant M. Quintanilla's Motion to Suppress at 3-6 (Dec. 31, 2024). Defendant A. Quintanilla subsequently joined in Defendant M. Quintanilla's Motion to Suppress. See Defendant A. Quintanilla's Joinder (Jan. 15, 2025).

The People oppose both Motions to Suppress. See Opposition to Defendant J. Villacorta's Motion to Suppress (Dec. 2, 2024); Opposition to Defendant M. Quintanilla's Motion to Suppress (May 2, 2025).

At issue currently is which party bears the burden of proof to demonstrate the constitutionality of the search warrant and statements obtained within a custodial interrogation.

Decision and Order Granting In-Part and Denying In-Part Defendant's Motion Re: Burden of Proof
CF0614-24, *People of Guam v. Jeffrey Villacorta, Mark Quintanilla, & Angie Quintanilla*
Page 2 of 6

On May 20, 2025, Defendant J. Villacorta filed his Motion Re: Burden of Proof. Defendant J. Villacorta argues the government bears the burden of proving, by a preponderance of the evidence, both the constitutionality of the search warrant and the custodial statements challenged in his Motion to Suppress. See Motion Re: Burden of Proof at 2 (May 20, 2025).

On June 4, 2025, the People filed their Opposition to Defendant's Motion Re: Burden of Proof ("Opposition"). The People claim the Defendants, as the challenging party, bear the burden of substantially proving the search warrant lacked probable cause. See Opposition at 3-4 (Jun. 4, 2025). The People agree they bear the burden of showing a valid *Miranda* waiver before custodial statements may be admitted into evidence. Id. at 4.

The Court held a hearing on June 27, 2025. After hearing the arguments of the parties, the Court took the matter under advisement.

## DISCUSSION

### I. Preliminary Law Regarding Fourth Amendment Searches/Seizures:

The Fourth Amendment to the U.S. Constitution guarantees "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures". See U.S. Const. amend. IV. Searches are reasonable if conducted pursuant to a valid warrant or under an exception to the warrant requirement. See *People v. Chargualaf*, 2001 Guam at ¶ 14.

Any evidence obtained from a Fourth Amendment violation is inadmissible. See *Terry v. Ohio*, 392 U.S. 1, 12 (1968). This includes "not only primary evidence obtained as a direct result of an illegal search or seizure, but also evidence later discovered and found to be derivative of an illegality or 'fruit of the poisonous tree.'" See *Segura v. U.S.*, 468 U.S. 796, 796-797 (1984) (internal citations omitted).

A valid warrant must establish that there is "probable cause" to believe that "contraband or evidence of a crime will be found in a particular place." See *Illinois v. Gates*, 462 U.S. 213, 238 (1983). Probable cause is a fluid concept that is determined by a "totality-of-the-circumstances approach" Id. at 238. When probable cause is based upon an informant's tip, the magistrate judge will consider several relevant factors and make a "balanced assessment of the relative weights of all the various indica of reliability (and unreliability)". Id. at 234. Relevant factors for consideration

Decision and Order Granting In-Part and Denying In-Part Defendant's Motion Re: Burden of Proof
CF0614-24, *People of Guam v. Jeffrey Villacorta, Mark Quintanilla, & Angie Quintanilla*
Page 3 of 6

include the informant's "veracity", "reliability", and "basis of knowledge" – that is, how the informant came upon the information given. Id. at 233. However, none of these factors are specifically required to establish probable cause, and "a deficiency in one may be compensated ... by a strong showing as to the other, or by some other indicia of reliability." Id. at 233. Furthermore, the identity of the confidential informants is not a prerequisite for a finding of probable cause. Id. at 228 (recognizing that an affidavit is "capable of supplementing" an anonymous letter "with information sufficient to permit a determination of probable cause"). What matters is, under the "totality of the circumstances", whether there was "probable cause" to believe that "contraband or evidence of a crime would be found in a particular place". Id. at 238.

A magistrate judge's "determination of probable cause should be paid *great deference* by reviewing courts." See *Spinelli v. U.S.*, 393 U.S. 410, 419 (1969) (emphasis added). So long as the magistrate judge had a "substantial basis for ... concluding that a search would uncover evidence of wrongdoing" his issuance of a warrant is valid under the Fourth Amendment. See *Illinois v. Gates*, 462 U.S. at 236. This "substantial basis standard" is so deferential that a court reviewing a probable cause determination "'may not suppress evidence based upon a lack of probable cause unless the issuing court's probable cause determination was *clearly erroneous*." See *People v. Gallo*, 2017 Guam 24 at ¶ 24-25 (emphasis added).

**II.    The Defendants bear the burden of showing by a preponderance of the evidence that the search warrant did not establish probable cause.**

There is both great deference given to a magistrate's probable cause determination and "a presumption of validity with respect to the affidavit supporting the search warrant." See *Franks v. Delaware*, 438 U.S. 154, 171 (1978).

Given this great deference, it naturally follows that the Defendants, as the challenging party, bear the burden of showing that a warrant substantially lacks probable cause. Id. at 155-156 (holding that a search warrant will be voided and fruits of the search excluded, if "**established by the defendant by a preponderance of the evidence** ... the affidavit's ... content is insufficient to establish probable cause." (emphasis added).

Decision and Order Granting In-Part and Denying In-Part Defendant's Motion Re: Burden of Proof
CF0614-24, *People of Guam v. Jeffrey Villacorta, Mark Quintanilla, & Angie Quintanilla*
Page 4 of 6

## III. Preliminary Law Regarding Fifth Amendment Self-Incrimination:

The Fifth Amendment provides for the right against self-incrimination in criminal cases. See U.S. Const. amend. V. One's Fifth Amendment right applies both inside and "outside of criminal court proceedings and serves to protect persons in all settings in which their freedom of action is curtailed in any significant way from being compelled to incriminate themselves." See *Miranda v. Arizona*, 384 U.S. 436, 467 (1966).

In order to combat pressures to speak and potentially incriminate oneself during custodial interrogations, individuals "must be adequately and effectively apprised" of their right against self-incrimination. Id. at 467. This is done via the issuing of *Miranda* rights, where an individual is informed of their "right to remain silent", that "anything said can and will be used against the individual in court", of their "right to consult with a lawyer and to have the lawyer with him during interrogation", and "that if he is indigent a lawyer will be appointed to represent him." Id. at 467-473.

The court must address first whether a defendant's statements were made during a custodial interrogation, as *Miranda* waivers are required only in those situations. See *People v. Farata*, 2007 Guam 8 ¶ 22. An individual is in custody when he or she "is taken into custody or otherwise deprived of his freedom by the authorities in any significant way". See *Miranda v. Arizona* at 478. The test is "would a reasonable person have felt he or she was not at liberty to terminate the interrogation and leave." See *Thompson v. Keohane*, 516 U.S. 99, 100 (1995). An individual is subject to interrogation when asked questions "that the police should know are reasonably likely to elicit an incriminating response from the suspect." See *Rhode Island v. Innis*, 446 U.S. 291, 292 (1980).

If the statements in question were made during a custodial interrogation, the court must next address whether they were preceded by a valid *Miranda* waiver. If an individual is subject to a custodial interrogation without having been informed of and waiving their *Miranda* rights, any statements made during the interrogation are not admissible during trial. See *Stansbury v. California*, 511 U.S. 318, 322 (1994). Only "voluntary" *Miranda* waivers are valid, which requires a "requisite level of comprehension" and an "uncoerced choice". See *People v. Farata*, 2007 Guam

Decision and Order Granting In-Part and Denying In-Part Defendant's Motion Re: Burden of Proof
CF0614-24, *People of Guam v. Jeffrey Villacorta, Mark Quintanilla, & Angie Quintanilla*
Page 5 of 6

8 ¶ 46. The voluntary nature of a *Miranda* waiver is judged "from the totality of the circumstances, which includes the background, experience, and conduct of the defendant." Id. at ¶ 46.

**IV.    The government bears the burden of proving by a preponderance of the evidence that statements obtained in a custodial interrogation were preceded by a valid *Miranda* waiver.**

"There is a presumption against waiver" of *Miranda* rights, and "**the prosecution bears the burden of proving by a preponderance of the evidence** that a defendant knowingly and intelligently waived his *Miranda* rights." See *U.S. v. Garibay*, 143 F.3d 534, 536 (9th Cir. 1998) (emphasis added).

## CONCLUSION

For the reasons stated above, the Court **DENIES IN-PART AND GRANTS IN-PART** Defendant J. Villacorta's Motion Re: Burden of Proof. The Defendants bear the burden of proving by a preponderance of the evidence that the search warrant lacks probable cause. The People bear the burden of proving by a preponderance of the evidence that the Defendants knowingly and intelligently waived their *Miranda* rights before their statements obtained within custodial interrogations may be admitted.

IT IS SO ORDERED this <u>November 18, 2025</u>



_____
**HONORABLE ALBERTO C. LAMORENA, III**
**Presiding Judge, Superior Court of Guam**

**SERVICE VIA E-MAIL**
I acknowledge that an electronic
copy of the original was e-mailed to:
*A0'S M. Smith*
*PPSC    Ti Timblin*
Date: NOV 18 2025   Time: *3:56p*
Evan L. Topasna
Deputy Clerk, Superior Court of Guam

Decision and Order Granting In-Part and Denying In-Part Defendant's Motion Re: Burden of Proof
CF0614-24, *People of Guam v. Jeffrey Villacorta, Mark Quintanilla, & Angie Quintanilla*
Page **6** of 6